

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 16 2016

JAMES N. HATTEN, Clerk

By: _____

UNITED STATES OF AMERICA

v.

Kenneth I. Shipp

**CRIMINAL COMPLAINT**

Case Number: 1:16-MJ-394

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 25, 2016 in Clayton County, in the Northern District of Georgia, defendant(s) did, knowingly distribute and possess depictions of minors engaged in sexually explicit conduct, said depictions having been produced using minors engaged in sexually explicit conduct and having been shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer,

in violation of Title 18, United States Code, Section(s) 2252(a)(2) and (a)(4)(B).

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Michael L. Ashley

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

| May 16, 2016 | at | Atlanta, Georgia |
|---|---|---|
| Date | | City and State |

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Paul R. Jones

_____
Signature of Judicial Officer

ISSUED AND DELIVERED
TO U.S. MARSHAL
5/16/16

DEPUTY CLERK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael L. Ashley, a Special Agent with Homeland Security Investigations (HSI), Immigration and Customs Enforcement (ICE), being first duly sworn, hereby depose and state that:

1. I am a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement. I have been employed in this capacity since March 2003. Prior to my employment with ICE, I was employed as a Special Agent with the United States Customs Service from August 1997 to March 2003. I am an investigator or law enforcement officer of the United States within the meaning of Title 8, United States Code, Section 1357(a)(5), that is, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, certain offenses enumerated in Titles 8, 18, 19, 21, and 31 United States Code, and other related offenses. Since becoming employed as a federal agent, I have completed the Criminal Investigator Training Program and Customs/ICE Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia. As part of my duties and responsibilities as an HSI Special Agent, I am authorized to investigate crimes that involve the sexual exploitation of children pursuant to Title 18, United States Code, Sections 2252 and 2252A.

2. I have been investigating the activities of Kenneth I. Shipp. As will be shown below, there is probable cause to believe that Shipp possessed and distributed child pornography in violation of Title 18, United States Code, Section 2252(a)(2) and (a)(4)(B). I am submitting this affidavit in support of a criminal complaint.

3. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and the review of documents and records.

1

## INVESTIGATION BACKGROUND

4. While monitoring "Peer to Peer" (P2P) activity for child pornography in the Atlanta, Georgia, area, HSI Special Agents assigned to the Special Agent in Charge, Atlanta observed an Internet Protocol address on the "eDonkey" (eD2K) file-sharing network with numerous notable child pornography files. In the title of many of the files was the acronym "PTHC" (short for Pre-Teen Hardcore). "PTHC" is a term that is typically associated with child pornography. P2P is a growing phenomenon on the Internet. P2P file sharing is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using this software form a network that allows for the sharing of digital files between users on the network. A user first obtains the P2P software, which can be downloaded from the Internet. In general, P2P software allows the user to set-up file(s) on a computer to be shared with others running compatible P2P software. A user obtains files by opening the P2P software on the user's computer and conducting searches for files that are currently available for downloading from another user's computer.

5. The download of a file is achieved through a direct connection between the computer requesting the file and the computer containing the file. One of the advantages of P2P file sharing is that multiple files may be downloaded in parallel. This means that the user can download more than one file at a time.

6. A P2P file transfer is assisted by reference to an Internet Protocol (IP) address. This address, expressed as four sets of numbers separated by decimal points, is unique to a particular computer during an online session. The IP address, which is assigned by the computer user's Internet Service Provider, provides a unique location making it possible for data to be transferred

between computers. Third-party software is available to identify the IP address of the P2P computer sending the file. Such software monitors and logs Internet and local network traffic. P2P file sharing networks, including the Gnutella and eDonkey networks, are frequently used to trade digital files of child pornography, including both image and video files.

### Probable Cause In Support of Criminal Complaint

7. On or about March 25, 2016, I made a query into the P2P file sharing network to obtain a list of IP addresses in Atlanta, Georgia, area making available for distribution known or suspected files containing child pornography through eD2K hash values that had been previously identified by law enforcement as containing notable child pornography. Included in the query results is data related to the number of known or suspected child pornography files that each IP address was logged as processing.

8. While examining the resulting data provided by the program, I identified IP address 69.180.14.5, believed to be located in the Riverdale, Georgia area, as having numerous notable child pornography files available for sharing.

9. On or about March 25, 2016, I contacted Georgia Bureau of Investigations (GBI) SA John Harrell and requested his assistance in obtaining eD2K files of child pornography from GBI's child pornography image and video library/database or image or video downloads from IP 69.180.14.5. SA Harrell subsequently responded that he had recently obtained videos downloads of minors being sexually exploited from IP 69.180.14.5 on February 22, 2016, and March 15, 2016. SA Harrell provided me with a CD containing the videos and other information. I previewed the videos and confirmed the videos were minors being sexually exploited.

10. On March 30, 2016, a DHS Summons was served on Comcast Cable

Communications, the Internet Service Provider (ISP), for the production of subscriber details for IP address 69.180.14.5 on the dates and times the IP address was active on the eD2K network. It was also requested that Comcast provide all associated IP addresses for the subscriber from September 1, 2015, to the present date.

11. On March 31, 2016, Comcast replied that from October 3, 2015, to March 29, 2016, IP address 69.180.14.5 was in use by one subscriber. According to Comcast, the aforementioned IP address was assigned to the same subscriber on the dates and times the IP address was active on the eD2K network and downloads received by SA Harrell. Comcast identified that subscriber as Kenneth Shipp, 943 Olde Town Court, Jonesboro, Georgia 30236.

12. On May 9, 2016, HSI Atlanta, with the assistance of the Clayton County, Georgia, Police Department, executed a federal search warrant (1:16-MC-0380), issued in the Northern District of Georgia, at 943 Olde Town Court, Jonesboro, Georgia to search for evidence of child pornography. HSI agents seized computers and computer media as well as an Apple iPhone containing child pornography from Kenneth Shipp, who is the owner of the residence and the only occupant. I previewed Shipp's iPhone and saw several images of pre-pubescent males being sexually exploited and exposing their genitalia.

13. On the same date, SA Justin Tice and I interviewed Shipp at his residence. Shipp confessed to having child pornography on numerous devices and collecting child pornography for over 10 years. Shipp stated he used the P2P software "eMule" and "Xnews", a paid subscription internet site, to download and obtain child pornography. Shipp said he was well aware that the child pornography images and videos in his "eMule" share folder was being shared with others on the network.

## Conclusion

34. Based on the foregoing information, I respectfully submit that probable cause exists to justify the issuance of a criminal complaint for Kenneth I. Shipp for the distribution and possession of depictions of minors engaged in sexually explicit conduct, said depictions having been produced using minors engaging in sexually explicit conduct, and having been shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B).