# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) INDICTMENT NO. : |
| v. | ) |
| | ) 1:16-CR-241-TCB-CMS |
| KENNETH SHIPP, | ) |
| Defendant. | ) |

## MOTION TO SUPPRESS STATEMENTS

**COMES NOW** Defendant, Kenneth Shipp, by and through undersigned counsel and files this Motion to Suppress Statements, and shows as follows:

1.

On May 9, 2016, agents with Homeland Security ICE [hereinafter HSI], with the assistance of Clayton County Police, executed a federal search warrant at 943 Olde Town Court, Jonesboro, Georgia.

2.

When agents knocked on the door, Defendant answered the door to the house, wearing jeans and a tshirt only. Defendant was wearing no shoes.

3.

Having nowhere to go but his home, Defendant was objectively placed in

The Steel Law Firm, P.C. 1800 Peachtree Street, N.W., Suite 300, Atlanta, Georgia 30309 (404) 605-0023

custody by law enforcement and was interrogated without the benefit of Miranda warnings.

4.

Defendant was escorted by law enforcement agents to the rear of his home and interrogated there.  No reasonable person would believe they are free to leave when they are escorted by law enforcement officers and their freedom of movement in their own home is restrained by armed law enforcement officers.

5.

Thus, although Defendant was allegedly advised that he was free to leave, if a person is not free to roam their own home, then no reasonable person would believe that they are free from restraint and not in custody, for purposes of the Fifth Amendment and Miranda.

6.

In United States v. McKany, 2016 U.S. App. LEXIS 8436 (9th Cir. 2016), law enforcement officers told Mr. McKany that he was free to leave his home or terminate the interview.  However, the Ninth Circuit held that when a reasonable person is interrogated inside his own home and told that he is "free to leave,". . . "Where will he go?"  To be free to leave is a hollow right if the one place a suspect cannot be free to roam is in his own home.  He must be free to roam in his own home.  The Ninth

Circuit held that a reasonable person in Mr. McKany's position would not have felt free to leave and was thus in police custody at the time of the interrogation and interrogated without the benefit of <u>Miranda</u> rights.  Thus, his Motion to Suppress statement should have been granted.  See also, <u>United States v. Craighead</u>, 539 F.3d 1073, 1083 (9th Cir. 2008).

7.

In the case at bar, the atmosphere at Defendant's home in the early morning hours on May 9, 2016 was police dominated and armed law enforcement officers ordered  Defendant "...if he decided to stay at the  residence during the execution of the search warrant that he would not be allowed to roam the residence."  In fact, Defendant was "escorted to the rear of the residence where he was interviewed on the back porch."

8.

Based upon information and belief, Defendant was physically restrained and even escorted to the bathroom in his own home and his movement was under law enforcement control.

9.

The government bears the burden that Defendant's statements were obtained in compliance with the dictates of <u>Miranda v.Arizona</u>, 384 U.S 436, 86 S.Ct .1602,

16 L.Ed. 2d 694 (1966); Missouri v. Seibert, 542 U.S. 600, 124 S.Ct . 2601, 159 L.Ed. 2d 643 (2004).  Under Miranda, evidence obtained as the result of a custodial interrogation is inadmissible unless the Defendant had first been warmed of his rights and had knowingly, intelligently and freely waived those rights.  United States v. Parr, 716 F. 2d 796, 817 (11th Cir. 1983); Unites States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005).

**WHEREFORE**, Defendant requests that this Court suppress all statements allegedly made by Defendant on May 9, 2016 and any evidence derived therefrom.

This the 1st day of September, 2016.

                Respectfully submitted,

                *s/ Brian Steel*
                BRIAN STEEL
                Ga. Bar No. 677640

                *s/ Larry Melnick*
                LARRY MELNICK
                Ga. Bar No. 501250
                Peachtree Law Group
                360 Center Drive, Ste. 200
                Dunwoody, GA  30338

                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **MOTION TO SUPPRESS STATEMENTS** on the individual listed below by electronic filing via ECF:

Paul Jones
Assistant United States Attorney
Richard B. Russell Building
Sixth Floor
75 Spring Street
Atlanta, Georgia 30303

This the 1st day of September, 2016.

                                        Respectfully submitted,

                                        *s/ Brian Steel*
                                        BRIAN STEEL
                                        Ga. Bar No. 677640
                                        Attorney for Defendant